UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

          Plaintiff,

Case No. 2:21-cv-10698

HONORABLE STEPHEN J. MURPHY, III

v.

BOOTH, et al.,

          Defendants.
_____/

## OMNIBUS OPINION AND ORDER

Plaintiff Darrin Lapine filed a pro se 42 U.S.C. § 1983 civil rights complaint. ECF 1. Plaintiff alleged several constitutional violations related to his medical care while incarcerated. *Id.* Upon review of Plaintiff's case and his litigation history in federal courts, the Court concludes that his civil rights complaint must be dismissed without prejudice under 28 U.S.C. § 1915(g). The Court will also enjoin Plaintiff from filing a new action in this Court without first obtaining leave of the Court. This order will address each ground in turn.

## BACKGROUND

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." *See also Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006) (emphasis omitted). Here, Plaintiff failed to provide the $350.00 filing fee, plus a $ 52.00 administrative fee, when he filed his complaint. ECF 2. The Prisoner Litigation Reform Act of 1995

1

("PLRA") states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended).

A search of federal court records indicates that Plaintiff has at least four prior civil rights complaints that were dismissed by federal courts under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) because the claims were frivolous, malicious, or the filings failed to state a claim upon which relief could be granted. *See LaPine v. Savoie*, 2:14-cv-145 (W.D. Mich. July 29, 2014); *LaPine v. Chippewa Cnty. Corr. Facility et al.*, 2:10-cv-238 (W.D. Mich. Aug. 5, 2011); *LaPine v. Atterberry et al.*, No. 1:06-cv-647 (W.D. Mich. Dec. 11, 2006); *LaPine v. Rubitschun et al.*, No. 1:06-cv-249 (W.D. Mich. May 8, 2006). Plaintiff likewise has since been denied permission several times to proceed in forma pauperis under 28 U.S.C. § 1915(g), the "three-strikes" provision, based on these prior dismissals. *See LaPine v. Pavitt*, No. 2:20-CV-12788, 2021 WL 777196 (E.D. Mich. Mar. 1, 2021); *LaPine v. Lincoln*, No. 1:19-CV-120, 2019 WL 1168116 (W.D. Mich. Mar. 13, 2019); *Lapine v. Romanowski,* No. 2:15-cv-11362 (E.D. Mich. May 15, 2015).

## DISCUSSION

I.  Dismissal Under § 1915

Plaintiff moved to proceed without prepayment of fees with and in forma pauperis status. ECF 2. 28 U.S.C. § 1915(g), however, states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

> a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The three strikes provision of the PLRA prohibits a prisoner from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). And the Court may raise the three strikes provision of the PLRA on its own initiative. *Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997). The Court can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g) review. *See Taylor v. United States*, 161 F. App'x 483, 485–86 (6th Cir. 2005).

Plaintiff has four prior civil rights complaints dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B),1915A(b) as frivolous, malicious, or failing to state a claim upon which relief could be granted. The prior dismissals preclude him from proceeding without prepayment of fees unless the Court finds him to be in imminent danger of serious physical injury.

To this point, Plaintiff argues that he is in imminent danger of becoming paralyzed because he suffers from back trauma and spinal stenosis and Defendants refuse to perform surgery to alleviate the conditions. ECF 1, PgID 2–3. But Plaintiff has already filed a lawsuit claiming, among other things, that the defendants were deliberately indifferent to his back and spine problems by refusing to perform surgery on him. *LaPine v. Corizon Inc.*, No. 2:18-CV-10750, 2020 WL 5884710, at * 5 (E.D. Mich. Mar. 31, 2020). In that case, the Court granted summary judgment to the defendants, and found that the defendants' refusal to perform surgery was not

3

deliberate indifference to Plaintiff's health problems, but rather a disagreement over the proper course of treatment. *Id.* The Court recently rejected Plaintiff's attempts to use his back and spinal problems again to invoke the imminent danger exception under § 1915(g). *LaPine v. Pavitt*, 2021 WL 777196, at *1. The Court found that the claims rehashed previous argument decided by the Court in March 2020. *Id.* The Court "rejected Plaintiff's argument that the imminent danger exception applied to his circumstance because Plaintiff's allegations of becoming paralyzed due to Defendant's refusal to perform surgery were substantially similar to Plaintiff's claims of medical indifference raised in a prior lawsuit before the Court." *Id.*

Once again, Plaintiff's allegations of imminent danger are completely unsupported by any evidentiary material and, again, are no more than "a thinly veiled rehashing" of similar claims made by Plaintiff in his prior lawsuit that this Court rejected. The same arguments have now been rehashed several times specifically in conjunction to the three-strikes rule. *See Chance v. Tennessee*, 47 F. App'x 762, 763 (6th Cir. 2002).

In addition to the back and spine problems discussed *supra*, Plaintiff also appears to argue imminent danger based on the fact that prison officials are prescribing him Zantac for his heartburn, which Plaintiff claims causes paralysis and cancer. ECF 1, PgID 9. But Plaintiff cannot invoke the imminent danger exception on these grounds because his allegations of injury arising from taking Zantac are entirely speculative. *See Swenson v. Pramstaller*, 169 F. App'x 449, 450–51 (6th Cir. 2006).

4

Thus, Plaintiff's civil rights complaint is subject to dismissal without prejudice pursuant to § 1915(g). Plaintiff may, however, resume litigating any of the claims dismissed under § 1915(g) if he pays the filing fee under 28 U.S.C. § 1914. *Witzke*, 966 F. Supp. at 540. Plaintiff's dismissal under § 1915(g) bars him from appealing the in forma pauperis finding. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805–06 (W.D. Tenn. 1999). The Court refuses to certify that any appeal from this dismissal would be in good faith.

II. Enjoined Filer

Furthermore, Plaintiff will be enjoined from filing a new action without first obtaining leave from the Court. The Sixth Circuit has held that a district court may enjoin "vexatious litigants" from filing a new action without first obtaining permission. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). In recent years, Plaintiff has filed at least eight different complaints against various defendants in the Michigan prison system. Each case has been quickly resolved as unmeritorious. Accordingly, Plaintiff will be enjoined from filing a new action without first obtaining leave from the Court.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to proceed in forma pauperis [2] is **DENIED** and the complaint [1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** and **CERTIFIED** that any appeal taken by plaintiff would not be done in good faith.

5

**IT IS FURTHER ORDERED** that Darrin LaPine is permanently **ENJOINED** from filing any new action in this Court without first obtaining leave. Upon the submission of any new complaint from LaPine to the Clerk of the Court, the complaint will be reviewed for merit by a U.S. District Judge. If the complaint is determined to assert an intelligible, non-frivolous claim, the Clerk's Office shall assign the complaint to a randomly selected Judge; otherwise, the complaint shall be dismissed.

**SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: April 23, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 23, 2021, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager